United States District Court
Western District of Texas
Midland/ Odessa Division

John Parks, Tracy Ledlow,
George Garcia, and
Kustuss Phillips, on Behalf of
Themselves and All Others
Similarly Situated

No. 7:19-cv-184

v.

Mallard Completions, LLC, and
Ranger Energy Services, LLC

## Original Complaint

Plaintiffs, John Parks, Tracy Ledlow, George Garcia, and Kustuss Phillips (collectively "Plaintiffs") file this Complaint against Mallard Completions, LLC ("Mallard") and Ranger Energy Services, LLC ("Ranger") collectively ("Defendants"), and plead as follows:

### Summary

1. This is a civil action brought by Plaintiffs, each individually and on behalf of all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' misclassification of the pump-truck supervisors as employees exempt from the overtime requirements of the FLSA and

their resulting failure to pay them time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek.

2. In addition, Plaintiffs seek to hold both Mallard and Ranger, jointly and severally liable as "employers," as defined by 29 U.S.C. § 203(d).

3. Plaintiffs file this lawsuit on behalf of themselves and as an FLSA collective action on behalf of all other similarly situated individuals.

4. The scope of the individual and collective action members in this lawsuit is limited to individuals who worked for Defendants as pump-truck supervisors during the time period of three years preceding the date this lawsuit was originally filed and forward.

5. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

6. The above-named Plaintiffs file herewith their written Consents to Join pursuant to Section 216 of the FLSA.

## Parties

### A. Plaintiff John Parks

7. John Parks ("Parks") is an individual resident of Brazos County, Texas and a former employee of Defendants.

8. Parks worked as a pump-truck supervisor for Defendants from approximately August 2018 to April 2019. He was paid a salary throughout the duration of his employment. Defendants classified Parks's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of 40 in a given seven-day workweek. Parks typically worked between 90-140 hours each seven-day workweek. In addition, Parks received a daily bonus of $150.00 for every day he was on location and a daily per diem of $35.00, regardless of the amount of actual work-related expenses he incurred. Lastly, according to his offer of employment, Parks was to receive paid-time-off.

### B. Plaintiff George Garcia

9. George Garcia ("Garcia") is an individual resident of Lubbock County, Texas and a former employee of Defendants.

10. Garcia worked as a pump-truck supervisor for Defendants from approximately September 2018 to March 2019 and was paid a salary throughout the duration of his employment. Defendants classified Garcia's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of 40 in a given seven-day workweek. Garcia typically worked between 90-140 hours each seven-day workweek. In addition, Garcia received a daily bonus of $150.00 for every day he was on location and a daily per diem of $35.00, regardless of the amount of actual work-related expenses he incurred. Lastly, according to his offer of employment, Garcia was to receive paid-time-off.

### C. Plaintiff Tracy Ledlow

11. Tracy Ledlow ("Ledlow") is an individual resident of Comal County, Texas and a former employee of Defendants.

12. Ledlow worked as a pump-truck supervisor for Defendants from approximately September 2, 2018 to January 20, 2019 and was paid a salary throughout the duration of his employment. Defendants classified Ledlow's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of

40 in a given seven-day workweek. Ledlow typically worked between 90-140 hours each seven-day workweek. In addition, Ledlow received a daily bonus of $150.00 for every day he was on location and a daily per diem of $35.00, regardless of the amount of actual work-related expenses he incurred. Lastly, according to his offer of employment, Ledlow was to receive paid-time-off.

### D. Plaintiff Kustuss Phillips

13. Kustuss Phillips ("Phillips") is an individual resident of Midland County, Texas and a former employee of Defendants.

14. Phillips worked as a pump-truck supervisor for Defendants from approximately October of 2018 to May of 2019 and was paid a salary throughout the duration of his employment. Defendants classified Phillips's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of 40 in a given seven-day workweek. Phillips typically worked between 90-140 hours each seven-day workweek. In addition, Phillips received a daily bonus of $150.00 for every day he was on location and a daily per diem of $35.00, regardless of the amount of actual work-related

expenses he incurred. Lastly, according to his offer of employment, Phillips was to receive paid-time-off.

### E. Collective Action Members

15. The putative collection action members are all current and/or former employees of Defendants for the time period of three years preceding the date this lawsuit was originally filed and forward, and who work (or worked) as pump-truck supervisors who are (or were) paid a salary, a per diem, and daily bonus, and not paid time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek ("Collective Action Members") (hereinafter "Plaintiffs" shall collectively refer to the above-named Plaintiffs and Collective Action Members).

16. All of the Collective Action Members are similarly situated to the above-named Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

### F. Defendant Mallard Completions, LLC

17. Mallard Completions, LLC is a Delaware limited liability company registered to do business in the State of Texas, with its principle office at 800 Gessner, Ste. 1000, Houston, Texas 77024.

18. Mallard's governing person is Ranger, whose principal office is also at 800 Gessner, Ste. 1000, Houston, Texas 77024.

19. During all relevant times to this lawsuit, Mallard did business in the State of Texas.

20. Mallard maintains multiple yards in Texas from which it offers pressure pumping services to the oilfield industry.

21. At all times relevant to this lawsuit, Mallard has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times relevant to this lawsuit, Mallard employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

23. Furthermore, Mallard employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

24. At all times relevant to this lawsuit, Mallard has had annual gross sales or business volume in excess of $500,000.

25. Mallard may be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### G. Defendant Ranger Energy Services, LLC

26. Ranger Energy Services, LLC is a Delaware limited liability company registered to do business in the State of Texas, with its principle office at 800 Gessner, Ste. 1000, Houston, Texas 77024.

27. During all relevant times to this lawsuit, Ranger did business in the State of Texas. providing products and services in the oil and gas industry throughout the United States.

28. At all times relevant to this lawsuit, Ranger has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. At all times relevant to this lawsuit, Ranger employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

30. Furthermore, Ranger employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

31. At all times relevant to this lawsuit, Ranger has had annual gross sales or business volume in excess of $500,000.

32. Ranger may be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

33. Hereinafter, Mallard and Ranger will collectively be referred to as "Defendants". Defendants are joint employers pursuant to 29 C.F.R. § 791.2. Because of Defendants' joint operating control over Plaintiffs, Defendants are responsible, jointly and severally, for compliance with all of the applicable provisions of the FLSA, including overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## Jurisdiction and Venue

34. The Court has personal jurisdiction over Defendants.

35. During all times relevant to this lawsuit, Defendants' principal offices were located in this state and Defendants have done and continue to do business in this state.

9

36. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely 29 U.S.C. §§ 201-219.

37. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district. Plaintiffs were employed by Defendants in this District, and at all relevant times, Defendants transacted business in this District.

38. Venue is proper in the Midland Division of the United States District Court for the Western District of Texas because, a substantial part of the events giving rise to Plaintiffs' claims occurred in this Division and Defendants maintained or maintains business operations within the Midland Division.

Factual Background

39. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

40. Plaintiffs primarily provided oilfield pressure pumping services and related work as employees of Defendants. Plaintiffs' primary work was manual labor in connection with oilfield work, and

while they performed work throughout the state of Texas, they primarily performed work in and around Midland County, Texas. Defendants provided Plaintiffs with housing, typically at a hotel or "man-camp", depending on the specific location of their work in a given week.

41. Plaintiffs' primary job duties included driving the company provided pick-up trucks, operating the pump located on the pump-truck, rigging the pump up to the well ("rigging-up") and rigging back down, performing maintenance on the pick-up trucks, generating job tickets, communicating with Defendants' upper management, including Matt Houston and Chris Guthrie, assisting in keeping the pump trucks Department-of-Transportation-ready, and filling in for the helpers when needed.

42. Plaintiffs' job duties were routine and primarily consisted of manual labor. They relied on their hands, physical skills, and energy to perform manual and routine labor in the oilfield on a daily basis.

43. Plaintiffs' duties did not include managerial responsibilities nor the exercise of independent discretion or judgment on matters of significance related to the business. Further, Plaintiffs' duties did not

11

concern work directly related to the management or general business operations of Defendants, nor of the businesses of Defendants' customers.

44. Plaintiffs did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

45. Plaintiffs did not regularly supervise two or more employees. Rather, Plaintiffs worked in two-man teams on a daily basis, which included one pump-truck supervisor and one helper. The only exception to this occurred on "rig-up" and "rig-down" days, when two crews, consisting of a total of two pump-truck supervisors and two helpers were present and working together.

46. Plaintiffs were informed they were employees of Mallard, and all of the pump-down trucks and job tickets had Mallard's name written on them; however, Plaintiffs' W-2s and hiring packets listed Ranger as their employer, Plaintiffs were provided Ranger's Employee Handbook, and Plaintiffs' benefit plans were through Ranger.

47. Defendants paid the Plaintiffs a salary, a daily bonus of $150.00 and a $35.00 daily per diem regardless of the amount of actual

work-related expenses incurred. Further, Plaintiffs were promised paid-time-off.

48. Plaintiffs worked long hours. Specifically, Defendants regularly scheduled Plaintiffs for twelve-hour shifts; however, they typically worked 90 to 140, or more, hours each seven-day workweek. Plaintiffs' typical workday started at the company provided housing where the two-man crew assembled, loaded tools, equipment and supplies, if needed, then together proceeded to drive to the jobsite, where they began their scheduled 12-hour shift. In addition, on rig-up and rig-down days, Plaintiffs may work upwards of 24-hours, or more, straight.

49. Defendants did not make, keep or require an accurate record of hours worked by Plaintiffs on a daily basis.

50. During their employment with Defendants, Plaintiffs worked with numerous other employees of Defendants. Like Plaintiffs, those other employees were subject to the aforementioned practices/policies of Defendants.

51. As such, Plaintiffs were non-exempt employees under the FLSA, and when they worked more than 40-hours in a seven-day

workweek, they were entitled to be paid overtime premium compensation at one and one-half times their respective regular rates of pay for each and every hour worked over 40. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325. Further, Plaintiffs' daily bonuses and per diems should be factored into their regular rates when determining Plaintiffs' respective overtime rates.

## FLSA Claims

52. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

53. All conditions precedent to this suit, if any, have been fulfilled.

54. Defendants are/were joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55. At relevant times, Mallard and Ranger are/were eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

56. At relevant times, Mallard and Ranger are/were enterprises engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

57. Each Plaintiff was an employee of Defendants. 29 U.S.C. § 203(e).

58. Defendants paid Plaintiffs a salary and daily bonus for each day they were on the jobsite.

59. In addition, Plaintiffs were paid a daily $35.00 per diem regardless of their actual reimbursable non-personal business expenses. As Plaintiffs rode to the jobsite in a company provided pick-up truck, used a fuel card to cover the cost of fuel for same, and were provided housing in the form of a hotel or "man-camp", Defendants' labeling of that remuneration as a per diem does not reflect individualized approximations of each Plaintiff's reimbursable travel expenses or expenses incurred on behalf of the employer in furtherance of the employer's business interests.

60. Plaintiffs regularly work/worked in excess of 40-hours per seven-day workweek as employees of Defendants during the time period relevant to this lawsuit.

61. The Collective Action Members are similarly situated to the above-named Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

62. Plaintiffs' job duties were routine and primarily consisted of manual labor. They relied on their hands, physical skills, and energy to perform manual and routine labor in the oilfield on a daily basis.

63. Plaintiffs' duties did not include managerial responsibilities nor the exercise of independent discretion or judgment. Further, Plaintiffs' duties did not concern work directly related to the management or general business operations of Defendants' business or of the businesses of Defendants' customers.

64. Plaintiffs did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

65. Plaintiffs did not regularly supervise two or more employees. Rather, Plaintiffs typically worked in two-man teams on a daily basis, which included one pump-truck supervisor and one helper, except on rig-up and rig-down days, when two pump-truck supervisors and two helpers worked together.

66. Defendants are/were required to pay Plaintiffs one and one-half times their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325.

67. Defendants failed to pay Plaintiffs overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

68. The regular rate of pay for Plaintiffs must be calculated by considering their respective hourly rates, even though they were paid on a salary basis. 29 C.F.R. §§ 778.108-109, 778.113-114, 778.325.

69. Defendants did not make and keep an accurate record of all hours worked by Plaintiffs as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

70. Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA. The decision and practice by Defendants to not pay Plaintiffs overtime was neither reasonable nor in good faith. Accordingly, Plaintiffs are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorney's fees, costs, post judgment interest and

all other damages available for Defendants' willful failure to pay overtime wages owed.

71. Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

### FLSA Collective Action

72. Where, as here, the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

73. Plaintiffs seek to bring this action individually and to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former individuals of Defendants, who for the time period of three years preceding the date of this lawsuit and forward, work/worked as pump-truck supervisors who are (or were) paid a salary, a per diem, and daily bonus, and not paid time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek.

74. Plaintiffs were all subject to the same illegal policies and pay practices of Defendants regardless of where they worked.

75. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

76. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## Jury Demand

77. Plaintiffs demand a jury trial on all matters properly triable thereto.

## Damages and Prayer

78. Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

c. Liquidated damages in an amount equal to back FLSA mandated wages;

d. Legal fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiffs are entitled.

Dated July 26, 2019.

Respectfully submitted,

/s/ *Alyssa S. Turner*
John M. Rogers        17177250
Alyssa S. Turner      24093784

ROGERS, LLP
409 West 4th Street, Ste. 102
Post Office Box 2530
Weatherford, TX 76086
817.341.9300
817.341.9301 fax
john.rogers@rogersllp.com
alyssa.turner@rogersllp.com

Attorneys for Plaintiffs